UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>TERESA YOUNGBLUT, )<br>Defendant. ) | Case No. 2:25-cr-00015-1 |

**UNOPPOSED MOTION OF THE UNITED STATES FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCLOSURE OF PROTECTED DISCOVERY AND PII**

NOW COMES the United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and hereby moves upon the stipulation of the parties for the entry of a Protective Order serving two purposes. First, the proposed order will promote the confidentiality of a subset of discovery materials (the "Protected Discovery") the United States will provide to counsel for the above-named defendant that otherwise may not be subject to discovery or may only be available for defense counsel to review in the United States Attorney's Office. Second, the proposed order allows efficient production of materials that contain Personally Identifiable Information ("PII") but are outside the subset of Protected Discovery.

I. Protected Discovery

The Protected Discovery in this case includes materials, in whatever format, that contain sensitive descriptions and depictions of the incident described in the affidavit in support of the Criminal Complaint filed in this case. *See* Doc. 5-1. The Protected Discovery may include: (1) body-worn and dash-mounted camera footage from police responding to the scene, (2) photographs from the scene, (3) photographs of medical or post-mortem examinations, and (4) reports and notes from attending physicians and the medical examiner. Entry of a Protective

1

Order restricting the use, dissemination, and disposition of Protected Discovery will enable the United States to provide these materials to the above-named defendant while protecting the integrity of the case and the privacy of the individuals depicted. The United States intends to rely on portions of the Protected Discovery as evidence if this case proceeds to trial. Retaining the materials in the United States Attorney's Office and making them available for review may be impractical for the defendant's preparation in this case.

II. <u>Personally Identifiable Information (PII)</u>

The government discovery production also may include various materials, in addition to the Protected Discovery, such as financial records or government records, that contain Personally Identifying Information (PII) as defined in Federal Rule of Criminal Procedure 49.1(a). These materials are not Protected Discovery and therefore can be shared by the defense without the protections outlined above for Protected Discovery. The proposed order requires defense counsel to redact PII if they wish to share that material outside the defense team. This process makes sense in light of the large volume of potential redactions and the limited need to share PII outside the defense team. The order allows defense counsel to seek Court authorization to share PII if defense counsel feels appropriate.

The United States has conferred with counsel for the defendant, and defense counsel has agreed to the provisions contained in the proposed order.

Dated at Burlington, in the District of Vermont, May 23, 2025.

                Respectfully submitted,

                UNITED STATES OF AMERICA

                MICHAEL P. DRESCHER
                Acting United States Attorney

By:   s/Matthew J. Lasher
                Matthew J. Lasher
                Assistant U.S. Attorney
                P.O. Box 570
                Burlington, VT 05402-0570
                (802) 951-6725