UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:25-cr-00015-1 |
| ) | |
| TERESA YOUNGBLUT, ) | **Filed Under Seal** |
| Defendant. ) | |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO
DEFENDANT'S MOTION TO CLOSE THE COURTROOM AND MOTION TO SEAL**

NOW COMES the United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and responds in partial opposition to the Defendant's Motion to Close the Courtroom to the Public During the Upcoming Hearing to Be Held on June 24, 2025, to Seal the Transcript of that Hearing, and Motion to File Under Seal filed under seal on June 20, 2025 (hereinafter, "Motion to Close the Courtroom"). In the Motion, the defendant did not establish any overriding interest that would overcome the presumption of openness. Because the closure of the courtroom is an extraordinary measure that implicates public interests and that does not appear justified in this instance, the Court should deny the defendant's request to close the courtroom during the hearing.

"Court proceedings in criminal matters are presumptively open to the public." *United States v. Fell*, No. 2:01-CR-12, 2013 WL 12385305, at *1 (D. Vt. Aug. 14, 2013). The Supreme Court has held that "the press and public have a qualified First Amendment right to attend a criminal trial" and noted that a majority of the Justices in a prior case had determined the public had a qualified constitutional right to attend pretrial hearings. *Waller v. Georgia*, 467 U.S. 39, 44-45 (1984). "[T]he right to an open trial may give way in certain cases to other rights or

1

interests, such as the defendant's right to a fair trial. . . Such circumstances will be rare, however, and the balance of interests must be struck with special care." *Id.* at 45. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (quoting *Press–Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984)). In the *Waller* case, the Supreme Court established a four-part analysis—which has since become known as the "*Waller* test"—for the propriety of closing the courtroom: "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *Id.* at 48. "[I]f a court intends to exclude the public from a criminal proceeding, it *must* first analyze the *Waller* factors and make specific findings with regard to those factors." *United States v. Gupta*, 699 F.3d 682, 687 (2d Cir. 2012) (emphasis in original).

      A courtroom closure may be partial instead of total, in that the Court could exclude individual spectators instead of blocking the entirety of the public. In such instances, several Courts of Appeal have applied a modified "*Waller* test" that includes a more lenient standard for partial closures: "All federal courts of appeals that have distinguished between partial closures and total closures modify the *Waller* test so that the 'overriding interest' requirement is replaced by requiring a showing of a 'substantial reason' for a partial closure, but the other three factors remain the same." *United States v. Simmons*, 797 F.3d 409, 414 (6th Cir. 2015).

The Court must therefore follow four steps in deciding the Motion to Close the Courtroom:

> First, the district court must determine, in specific findings made on the record, if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party which closure would prevent.... Second, if a substantial probability of prejudice is found, the district court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access. Third, if such alternatives are found wanting, the district court should determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access. Fourth, if the court finds that closure is warranted, it should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose.

*United States v. Fell*, No. 2:01-CR-12, 2013 WL 12385305, at *1 (D. Vt. Aug. 14, 2013) (quoting *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995)).

The defendant's Motion to Close the Courtroom did not include citations to any authority or precedent for the dramatic relief sought therein. The Motion also did not identify the compelling interest (or substantial reason) for excluding the public and press from the hearing, let alone describe how there was a substantial probability of prejudice to that interest. While the Motion did suggest that "reporting on such matters may tend to taint any future jury pool," it did not explain how a jury pool could be tainted by the presence of members of the public and press at a proceeding about filter procedures or why the closure of the hearing would be the only manner available to preserve a fair jury pool. While the parties will be discussing pretrial detention records and the possibility the records could include privileged information or sensitive health information generally, the parties would not be discussing the specific substance or content of any such record in the hearing. The United States does not perceive how arguments regarding filter procedures would prejudice any compelling interest of the defendant, and whatever prejudice might conceivably result would not override the qualified First Amendment

3

right of access. Accordingly, the Court should deny the defendant's request to close the courtroom during the June 24, 2025, hearing.

To date, the United States has acquiesced in the defendant's request that the series of filings regarding ████████████████████████████████████ remain under seal. The parties' filings and the Court's Orders, however, have not contained any sensitive or potentially privileged information, and the arguments of the parties at the hearing will likely involve procedures generally and not include sensitive information. The United States suggests the parties address—at the June 24, 2025, hearing—whether continued sealing of the documents and transcript would be necessary and appropriate. In the interim, however, the United States does not object to maintaining the matter under seal and moves the Court to seal this response.

Dated at Burlington, in the District of Vermont, June 23, 2025.

Respectfully submitted,

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

By:   s/Matthew J. Lasher
      Matthew J. Lasher
      Assistant U.S. Attorney
      P.O. Box 570
      Burlington, VT 05402-0570
      (802) 951-6725