UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:25-cr-00015-cr |
| ) | |
| TERESA YOUNGBLUT, ) | |
| Defendant. ) | |

**DEFENDANT'S PROPOSED PROTOCOL
FOR COURT OR SPECIAL MASTER REVIEW OF
DEFENDANT'S PRETRIAL DETENTION RECORDS**

After the hearing on June 24, 2025, the Court directed the parties to meet and confer regarding a proposed protocol. Defense counsel sent to the government its proposed protocol for the court to use when reviewing defendant's pretrial detention records sought by the government in this case. The government then sent back its own proposal. Thereafter the parties conferred regarding their respective protocols and jointly requested an additional two days to continue their efforts. ECF No. 81.

Although the parties were able to narrow some areas of dispute, the parties were ultimately not able to reach agreement, and so the two parties will each be submitting their respective protocols for the Court's consideration. The Defendant's proposed protocol is included with this submission. The attached protocol reflects some of the areas in which the parties were able to reach agreement, and the government version is also expected to contain some revisions based on the parties' discussions.

One main area of contention, however, is whether defense counsel will be afforded an opportunity to review Pretrial Detention Records before they are provided to the government in order to further reduce the risk of privileged materials being inadvertently disclosed to the government. In a case in which the government has indicated its intention to seek the death

1

penalty, and in light of the acknowledged presence of privileged and protected information within the Pretrial Detention Records, the Defendant respectfully submits that protecting the privileges of the Defendant and their counsel outweighs the relatively minor burden on the government in waiting an additional brief period of time to receive Pretrial Detention Records.

Because the Defendant does not know the final form the government will propose, counsel for the Defendant will submit to the Court, within fourteen (14) days (or on any timeline set by the Court) its objections to the government's proposed protocol. The Defendant respectfully requests a hearing on this matter.

Dated: July 11, 2025

By:  /s/ Steven L. Barth
STEVEN L. BARTH
Assistant Federal Public Defender
Office of the Federal Public Defender
District of Vermont
95 Pine Street, Suite 150
Burlington, Vermont 05401
Phone: (802) 862-6990
Email: Steven_Barth@fd.org

Julie L.B. Stelzig
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Phone: (301) 344-0600
Email: julie_stelzig@fd.org

Christine Lehmann
Senior Staff Attorney
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, LA 70113
(504) 558-9867
clehmann@thejusticecenter.org

Counsel for Teresa Youngblut