UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,    )
                             )
        v.                   )        Case No. 2:25-cr-00015-1
                             )
TERESA YOUNGBLUT,            )
        Defendant.           )

## ORDER

This matter comes before the Court following the Discovery Hearing on June 24, 2025, wherein the Court directed the parties to submit a joint protocol plan for reviewing potentially protected pretrial detention records within 14 days.  ECF No. 78.  The parties requested an additional two days to continue conferring, which this Court granted. (ECF Nos. 81, 83). On July 11, 2025, the parties advised the Court that they were not able to reach agreement on a joint protocol, and each submitted their own proposed screening protocols. After due consideration of both proposals, any written submissions of the parties, and after hearing further argument on Defendant's Motion for a Screening Process for Pre-trial Detention Records (ECF No. 63), the Court ORDERS as follows:

1.    **Scope and Definitions**

      a.    This Discovery Protocol Order (the "Protocol") governs the review of the Defendant's Pretrial Detention Records that are sought by the government in this case. Pretrial Detention Records are defined as all records maintained by any facility in which the Defendant has been detained since January 20, 2025, in connection with this case.

      b.    The Defendant's Pretrial Detention Records are expected to contain some materials that are potentially protected from disclosure by the attorney-client privilege, work-product doctrine, patient-psychotherapist privilege, the Health Insurance Portability

and Accountability Act (HIPAA) or any other legally recognized privilege or protection, as well as materials that are not protected by any privilege or protection. The Pretrial Detention Records may contain privileged/protected information on the same page or within the same item or recording as non-privileged/protected information.

    c.   Because of various unique aspects of this case, and the expected intermingling of potentially privileged/protected material with non-privileged/protected material, review of the Pretrial Detention Records in this case is expected to present challenges not present in the majority of cases. Because of these factors, and in order to ensure both propriety and the appearance of propriety, the Court finds that this Protocol is warranted in this case.

**2.   Request, Receipt, and Organization of Designated Pretrial Detention Records**

    a.   Either party may request and receive Pretrial Detention Records in accordance with any means of legal process available to the parties.

    b.   If the United States requests Pretrial Detention Records from the United States Marshals Service (USMS) or a detention facility (including a hospital or other healthcare provider), any responsive records shall be sent directly to the United States District Court for the District of Vermont, to the attention of Chief Judge Christina Reiss.  If the government mistakenly receives Pretrial Detention Records, it shall promptly forward them, without reviewing or copying them, to the Court in their received form with correspondence describing how and when the materials were requested, describing how and when they were received, and stating that they have not been reviewed by the United States.

c.   To the extent the United States has previously received Pretrial Detention Records, it shall pass the materials without accessing or reviewing them to the Court with correspondence describing how and when the materials were requested, describing how and when they were received, and stating that they have not been reviewed by the United States.

d.   To facilitate review of the Pretrial Detention Records, the Defendant shall inform the Court—*ex parte*, if the Defendant so chooses—of names and contact information for individuals with whom communications are likely to constitute or contain privileged information.  The Defendant may also inform the Court *ex parte* of any dates of significance or any other information that may facilitate the review.

3.   **Court Review Procedures**

a.   Upon receipt of the defendant's Pretrial Detention Records requested by the government, the Court or its designated Special Master shall conduct a review of those records to determine if the Pretrial Detention Records contain any information protected by one or more privileges or by statute: attorney-client privilege, attorney work-product, patient-psychotherapist privilege, HIPAA, or any other applicable privilege or protection.

b.   If the Court determines that any of the Pretrial Detention Records, or any portion thereof, contains documents or material potentially protected under one or more privileges or protections, the Court shall produce a log of the privileged or protected documents or material.

c.   The Court's "Privilege Log" will catalog the Pretrial Detention Records it has preliminarily determined to be privileged or protected and shall provide sufficient

3

detail to identify the document or file and the basis of the privilege or protection. This electronic index may include the following information where appropriate:

      i.    The record type, title, and subject matter;

      ii.    The date the record was created/transmitted, if known;

      iii.    Identifying information about the author(s) and recipients of the records, sufficient to explain the privilege without disclosing privileged information, such as the names of members of the defense team or defense experts, or the names of medical or mental health professionals;

      iv.    The privilege or protection involved or potentially involved.

d.    The Privilege Log of the Court or designated Special Master will be furnished simultaneously to counsel for the government and the defendant.

e.    In order to further reduce the risk that privileged or protected information will be inadvertently disclosed to the government, the Court or designated Special Master shall provide a copy of all records or materials that the Court has preliminarily determined are not subject to any privilege or protection to counsel for the Defendant only, sent to the Office of the Federal Public Defender for the District of Vermont, to the attention of Steven Barth. These documents will be provided, to defense counsel only, at the same time the Court or designated Special Master provides a Privilege Log to both parties.

f.    **Defendant objections**: If the Defendant believes that the Privilege Log is underinclusive with respect to any Pretrial Detention Records, counsel for the Defendant must send a written *ex parte* objection to the Court within fourteen (14) days of receiving the Privilege Log and documents from the Court, stating which other Pretrial Detention

Records should not be disclosed to the United States and why. The objection shall include a detailed privilege log containing the same information designated in subparagraph c above, specifying the privilege(s) and/or protection(s) claimed by the Defendant to preclude production of each record logged (e.g., attorney-client privilege, work product doctrine protection, or other legally recognized privilege or protection), and providing factual bases for the claim(s) for the Court to assess. If counsel for the Defendant identify any records on the Court's Privilege Log for which the Defendant does not assert a claim of privilege or protection, counsel for the Defendant shall notify the Court, within the same fourteen (14) days, of any records that may be removed from the Privilege Log. The Court shall determine what changes, if any should be made to the Privilege Log, and produce a revised copy of the Privilege Log to counsel for the Defendant and the Government. At the same time, the Court will produce to the Government a copy of all Pretrial Detention Records that are not contained on the Revised Privilege Log, which will then be produced in discovery. The Court shall maintain a record of all Defendant's objections that were overruled by the Court.

g.    **Government objections:** If the United States objects to the Court's designation of privileged materials or the Court's description of its designations in the Revised Privilege Log, it must send a written objection to the Court within fourteen (14) days of receiving the Revised Privilege Log, stating the alleged incorrect designation or insufficiency and describing why the materials should be disclosed to the United States or described in greater detail.  The Defendant shall provide a written response to the government's objections within fourteen (14) days, and the final decision shall be made by the Court thereafter.

5

    h.   **Meet and confer requirement**: Upon receiving objections from either party, the Court may direct the parties to confer within ten (10) days about the objections in a good-faith attempt to resolve any disagreements.  The parties shall file a joint status report within three (3) days of the conference detailing the results of the discussion.

    i.   **Motion practice**: Following the parties' conference, either party may file further arguments within fourteen (14) days of the joint status report.  The moving party shall include with its filing pertinent portions of the Privilege Log, as well as a memorandum containing any factual or legal arguments.  The Court will, in its discretion, either order responsive filings and set a hearing on the contested matters or rule on the contested matters *sua sponte*.

**4.    Special Master Provision**

    a.   If the Court determines that appointment of a Special Master is appropriate, it will notify the parties.  The parties may then submit to the Court the name of an agreed-upon appointee within seven (7) days.  If the parties are unable to agree upon an appointee who is willing to perform the role, the Court will appoint a Special Master after hearing input from the parties.

    b.   The parties prefer the Court consider appointing an individual who is an attorney with experience in federal court, who has served or is serving as a judicial officer or otherwise has extensive experience with federal criminal law and privilege doctrines, who has the time and technological capabilities to review electronic records within timelines specified by the Court, and who does not have a conflict with the parties or anticipated witnesses. The Special Master will conduct the initial record review and designate the materials as described above.

c.    The Special Master will receive any objections from the parties and make recommendations to the Court for resolution of the disputed records.

**5.    Post-Disclosure Provisions**

a.    An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-privileged materials to the United States or the Defendant by providing a written objection to the Court and the recipient party detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s).  Upon receipt of such objection, the recipient party must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if disclosed before receiving the objection.  The identified material will then be processed as a Pretrial Detention Record in accordance with this Order.

b.    If any member of the prosecution team inadvertently reviews any investigative material that appears to constitute privileged or protected information, that member shall immediately cease review of the material and inform the Court and defense counsel.  Counsel for the United States shall notify and turn the materials over to the Court for processing in accordance with this Protocol.  Inadvertent review of potentially privileged or protected material shall not automatically disqualify a prosecution team member from this matter.

6.    **General Provisions**

a.    The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Pretrial Detention Records at trial.

b.    Pursuant to Federal Rule of Evidence 502(d), any Pretrial Detention Records produced to either party under this Order or subsequent order in this proceeding shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

c.    All parties have the right to present to the Court any Pretrial Detention Records to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies.  Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

d.    The parties may extend the deadlines of this Protocol by written stipulation or by motion requesting an extension from the Court upon good cause shown.

Dated at Burlington, in the District of Vermont, this ____ day of _____, 2025.

_____
HON. CHRISTINA REISS, CHIEF JUDGE
United States District Court
District of Vermont