UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:25-cr-00015-1 |
| ) | |
| TERESA YOUNGBLUT, ) | |
| Defendant. ) | |

### ORDER

This matter comes before the Court following the Discovery Hearing on June 24, 2025, wherein the Court directed the parties to submit a joint protocol plan for reviewing potentially protected pretrial detention records within 14 days. ECF No. 78. The parties requested an additional two days to continue conferring, which this Court granted. (ECF Nos. 81, 83). On July 11, 2025, the parties advised the Court that they were not able to reach agreement on a joint protocol, and each submitted their own proposed screening protocols. After due consideration of both proposals, the Court ORDERS as follows:

**1.  Scope**

a.  This Discovery Protocol Order (the "Protocol") governs the review of the Defendant's Pretrial Detention Records that are sought by the government in this case. Pretrial Detention Records are defined as designated records maintained by any facility in which the Defendant has been detained since January 20, 2025, in connection with this case.

b.  The purpose of the Protocol is to create a mechanism through which the Court or a Special Master will screen Pretrial Detention Records for any material produced by any facility in which the Defendant has been detained since January 20, 2025, for material that is potentially protected from disclosure, including attorney-client,

psychotherapist-patient, and clergy-penitent communications, as well as material prepared by attorneys in anticipation of litigation protected under the work product doctrine.

    c. Pretrial Detention Records shall not include records of the Defendant's assigned detention facilities, locations within the facilities, length of time spent within the facilities, and movements within the facilities; records of separation requests and resulting actions; disciplinary reports; records of the Defendant's daily activities and any work assignments; and administrative messages between the United States and the United States Marshals Service (USMS) or a detention facility that confirm receipt of a request or confirmation that Pretrial Detention Records were delivered to the Court.

    d. In order to assist the Court in its review of Pretrial Detention Records, counsel for the defendant shall provide to the Court, *ex parte*, information that will help identify areas of potential privilege, including but not limited to:

       i. names and phone numbers of all members of the defense team, including consulting experts, who may be visiting or communicating with the defendant;

      ii. the base(s) for the anticipated privilege claim (i.e., the nature of the relationship between the Defendant and the individual that would give rise to a potential privilege);

     iii. any known dates of significance to the defense that may be more likely to contain privileged materials; and

     iv. any other information that will assist the Court in its assessment of potentially privileged materials within the pretrial detention records.

      v. Counsel for the defendant shall initially produce such information within fourteen (14) days of this Order and then shall update the Court as such information changes.

**2. Request, Receipt, and Organization of Pretrial Detention Records**

   a. Either party may request and receive Pretrial Detention Records in accordance with any means of legal process available to the parties.

   b. If the United States requests Pretrial Detention Records from the USMS or a detention facility, it shall specify that its request specifically excludes communications over designated attorney lines, communications to attorney phone numbers and email addresses provided to the United States by the Defendant, and any correspondence designated legal correspondence.

   c. The USMS or detention facility, upon receiving any responsive materials to a request for Pretrial Detention Records, shall send a message confirming receipt of the request for the materials to the party that made the request. The USMS or detention facility shall then transmit those materials to the Court by way of an electronic mechanism or digital storage medium to be determined by the Court. The USMS or detention facility shall include as part of this transmission correspondence describing how and when the materials were requested, describing how and when they were received, and an affirmation stating that the materials have not been reviewed by the United States. The USMS or detention facility shall then send a message confirming transmission of materials to the party that made the request.

   d. To the extent the United States has previously received Pretrial Detention Records, it shall pass the materials without accessing or reviewing them to the Court with

correspondence describing how and when the materials were requested, describing how and when they were received, and stating that they have not been reviewed by the United States.

**3.    Court Review Procedures**

a.    The Court, or its designated Special Master, shall review the Pretrial Detention Records it receives from the parties within twenty-one (21) days and determine which records are privileged, which records constitute or contain Potentially Protected Material, and which records are not privileged or protected. The Court will provide any non-privileged records received from the United States back to the United States, which will then produce the records to the Defendant in discovery.

b.    The Court's will provide written notice—a "Privilege Log"—to the parties cataloging the Pretrial Detention Records it has preliminarily determined to be privileged or to contain Potentially Protected Materials. The electronic index will identify the records by:

    i.    The record type, title, and subject matter;

    ii.    The Bates number or other unique identifier for each record;

    iii.    The date the record was created/transmitted, if known;

    iv.    The author(s) of the record, if known;

    v.    The recipient(s) of the record, including the capacity in which they received the document and their location, if known;

    vi.    Transmittal details of the record, if known; and

    vii.    The privilege or protection involved or potentially involved.

c.  The Privilege Log will note the Court's intention to send the Potentially Protected Materials to the United States in the absence of an objection from the Defendant.

d.  All Pretrial Detention Records the Court determines to be privileged or to constitute Potentially Protected Materials will be provided to the Defendant along with the Privilege Log for review by defense counsel.

e.  **Defendant objections**: If the Defendant is the ostensible holder of the potential privilege(s) or protection(s), and the Defendant wishes to prevent disclosure of any Pretrial Detention Record in the Privilege Log, the Defendant must send a written objection—*ex parte*, if the Defendant so chooses—to the Court within fourteen (14) days of receiving the Privilege Log from the Court stating which Potentially Protected Materials should not be disclosed to the United States and why. The objection shall include a detailed privilege log containing the same information designated in subparagraph b above, specifying the privilege(s) and/or protection(s) claimed by the Defendant to preclude production of each record logged (e.g., attorney-client privilege, work product doctrine protection, or other legally recognized privilege or protection), and providing factual bases for the claim(s) for the Court to assess.

f.  **Defendant waiver**: If the Defendant does not submit a written objection to the Court within that period, the Court will produce to the United States the Pretrial Detention Records it had designated as Potentially Protected Materials. The Defendant will be deemed to have waived any privilege(s) and/or protection(s) over the Potentially Protected Material identified in the Court's Privilege Log.

g.  **Court review**: Within seven (7) days of receiving the Defendant's objections, the Court will make any revisions to the privilege Log it deems appropriate based on the Defendant's objections, determining which of the previously designated Potentially Protected Materials are deemed to be privileged or protected. The Court will then produce to the parties the revised Log and will produce to the United States the Potentially Protected Materials it has since deemed to not be privileged or protected. The Court will maintain a record of the Defendant's objections that are overruled by the Court.

h.  **Government objections**: If the United States objects to the Court's designation of privileged materials or the Court's description of its designations in the revised Privilege Log, it must send a written objection to the Court within fourteen (14) days of receiving the revised Privilege Log stating the alleged incorrect designation or insufficiency and describing why the materials should be disclosed to the United States or described in greater detail. The Defendant shall provide a written response to the government's objections within fourteen (14) days, and the final decision shall be made by the Court thereafter.

i.  **Meet and confer requirement**: Upon receiving objections from either party, the Court may direct the parties to confer within ten (10) days about the objections in a good-faith attempt to resolve any disagreements. The parties shall file a joint status report within three (3) days of the conference detailing the results of the discussion.

j.  **Motion practice**: Following the parties' conference, either party may file further arguments within fourteen (14) days of the joint status report. The moving party shall include with its filing pertinent portions of the Privilege Log, as well as a

memorandum containing any factual or legal arguments. The Court will, in its discretion, either order responsive filings and set a hearing on the contested matters or rule on the contested matters *sua sponte*. If the Court orders responsive filings, the responding party shall file a response within ten (10) days, and the moving party may file a reply within five (5) days of the response.

4. **Non-Party Privilege Holder Procedures**

    a.  If the Court determines in its review of the Pretrial Detention Records received from either party that a non-party to this case is an ostensible holder of potential privilege(s) or protection(s) of any Potentially Protected Material, it will notify the parties in its Privilege Log and the Non-Party before producing their Potentially Protected Material to the United States and the Defendant.

    i. The title and criminal case number of this proceeding;

    ii. The anticipated date of production to the United States and Defendant;

    iii. An electronic index identifying the Potentially Protected Material scheduled for production in the manner described in paragraph 3.b above;

    iv. An electronic copy of the Potentially Protected Material scheduled for production;

    v. A copy of any protective order in this case; and

    vi. A copy of this Protocol.

    b.  If the Court determines that notice of any Potentially Protected Material might jeopardize an ongoing investigation, the Court may choose to consult with the

United States *ex parte* about the matter and direct the United States to file an appropriate motion seeking nondisclosure thereafter.

    c.    **Non-Party Objections**: An ostensible holder of any potential privilege(s) and/or protection(s) notified by the Court may assert a claim over Pretrial Detention Records by providing a written objection to the Court within thirty (30) days of receiving notice detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s) in the manner described in paragraph 3.e above.

    d.    **Non-Party Waiver**: If the non-party fails to object within thirty (30) days, the Court may find that the non-party has waived any privilege(s) and/or protection(s) over the Potentially Protected Material.

    e.    **Non-Party Motion Practice**: The procedures set forth in paragraph 3(j) shall apply to non-party objections, with the non-party having the same rights and obligations as a party in such proceedings.

**5.**    **Special Master Provision**

    a.    If the Court determines, based upon the volume of materials to review under this Protocol, that appointment of a Special Master is appropriate, it will notify the parties. The parties may then submit to the Court the name of an agreed-upon appointee within seven (7) days. If the parties are unable to agree upon an appointee who is willing to perform the role, the Court will appoint a Special Master.

    b.    The parties prefer the Court consider appointing an individual who is an attorney with experience in federal court, who has served or is serving as a judicial officer or otherwise has extensive experience with federal criminal law and privilege doctrines, who has the time and technological capabilities to review electronic records

within timelines specified by the Court, and who does not have a conflict with the parties or anticipated witnesses. The Special Master will conduct the initial record review and designate the materials as described above.

    c.    The Special Master will receive any objections from the parties and make recommendations to the Court for resolution of the disputed records.

**6.    Post-Disclosure Provisions**

    a.    An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-privileged materials to the United States or the Defendant by providing a written objection to the Court and the recipient party detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). Upon receipt of such objection, the recipient party must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if disclosed before receiving the objection. The identified material will then be treated as Potentially Protected Material under this Protocol.

    b.    If any member of the prosecution team inadvertently reviews any investigative material that appears to constitute privileged or Potentially Protected Material, that member shall immediately cease review of the material and inform counsel for the United States. Counsel for the United States shall notify and turn the materials over to the Court for processing in accordance with this Protocol. Inadvertent review of privileged or Potentially Protected Material shall not automatically disqualify a prosecution team member from this matter.

**7.    General Provisions**

a.    The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material received and/or produced by either party pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

b.    Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to either party under this Order or subsequent order in this proceeding shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

c.    All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver.  Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

d.    The parties may extend the deadlines of this Protocol by written stipulation or by motion requesting an extension from the Court upon good cause shown.

Dated at Burlington, in the District of Vermont, this ____ day of _____, 2025.

_____
HON. CHRISTINA REISS, CHIEF JUDGE
United States District Court
District of Vermont