UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JUL 18 PM 12: 20

CLERK
BY_____ VAw
DEPUTY CLERK

UNITED STATES OF AMERICA    )
                            )
        v.                  )    Case No. 2:25-cr-00015 -1
                            )
TERESA YOUNGBLUT            )

**ENTRY ORDER**
**DENYING MOTION TO EXTEND THE DEADLINE TO PRESENT**
**MITIGATING AND OTHER EVIDENCE TO THE ATTORNEY GENERAL'S**
**CAPITAL CASE REVIEW COMMITTEE**
(Doc. 80)

On June 30, 2025, Defendant Teresa Youngblut filed a motion to extend the
deadline by which defense counsel may present mitigating and other evidence to the
Attorney General's Capital Case Review Committee. (Doc. 80.) On July 14, 2025, the
government filed its opposition.

Defendant is represented by Assistant Federal Public Defenders Steven L. Barth
and Julie L.B. Stelzig and Christine Lehmann, Esq. The government is represented by
Assistant United States Attorneys Matthew J. Lasher, Lisa M. Thelwell, and Dennis E.
Robinson.

The overwhelming majority of courts have held that a federal court, due to the
separation of powers doctrine, has no authority to interfere in the Attorney General's
Capital Case Review or dictate the protocol for that process. Courts have universally
further found that a federal court may not require the government to follow its own
written Capital Case procedures which provide in relevant part that the government "shall
give counsel for the defendant a reasonable opportunity to present any information for the
consideration of the United States Attorney . . . which may bear on the decision whether
to seek the death penalty." U.S. DOJ Justice Manual § 9-10.080.

The court is nonetheless concerned that if the government does not follow its own
procedures and needlessly expedites a Capital Case determination (especially in this case

where learned counsel was only recently appointed and where no death penalty eligible charge has been indicted), it may inadvertently create an issue of ineffective assistance of counsel and give rise to concerns regarding the fair administration of justice in the context of a crucial decision. *See United States v. Tsarnaev*, 2013 WL 5701582, at *1 (D. Mass. Oct. 13, 2013) (denying defendant's request for judicial intervention to extend time within which defendant could provide requested materials to death penalty determination but noting "[e]xtending such an opportunity may easily be described as prudent policy" although "not required by any constitutional, statutory, or decisional rule of law"). Notwithstanding these concerns, because both the process and the ultimate charging decision are the sole prerogative of the Executive Branch, the court lacks the authority to grant Defendant's motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion to extend the deadline by which defense counsel may present mitigating and other evidence to the Attorney General's Capital Case Review Committee is DENIED. (Doc. 80.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of July, 2025.

Christina Reiss, Chief Judge
United States District Court