UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                )<br>)<br>TERESA YOUNGBLUT,            )<br>    Defendant.        ) | Case No. 2:25-cr-00015-1 |

**RESPONSE OF THE UNITED STATES IN OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER COURT'S ORDER DENYING MOTION
TO EXTEND DEADLINE TO PRESENT MITIGATING AND OTHER EVIDENCE TO
THE DEPARTMENT OF JUSTICE**

NOW COMES the United States of America, by and through its counsel, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and David L. Jaffe, Chief of the Department of Justice Violent Crime and Racketeering Section, and responds in opposition to defendant Teresa Youngblut's *Motion to Reconsider Court's Order Denying Motion to Extend Deadline to Present Mitigating and Other Evidence to the Department of Justice* (the "Motion to Reconsider"). (Doc. 91.)  In the Motion to Reconsider, the defendant again asks the Court to intervene in matters occurring within the Department of Justice (DOJ) that are "the sole prerogative of the Executive Branch," (Doc. 90 at 2), by requiring the DOJ to delay its internal schedule and refrain from making a decision about a matter within its discretion until a time selected by the defendant. Despite the representation that the defendant "simply asks the Court to direct the government to briefly pause its decision-making process[,]" (Doc. 91 at 10), the defendant essentially seeks an injunction that would prohibit the United States from moving forward in its decision-making process, thus intruding upon the Executive Branch's prosecutorial discretion.

The defendant attempts to avoid the clear separation-of-powers issues implicated by the relief sought by stressing the Motion to Reconsider does not ask the Court to prohibit the

1

government from seeking the death penalty in this case but rather to require it to do so on a "slightly less accelerated timeline." (Doc. 91 at 9.) The defendant is therefore requesting an order directing when and under what conditions a decision committed to the discretion of the government can be made. As the Court's order recognizes, "both the *process* and the ultimate charging decision are the sole prerogative of the Executive Branch," over which the court lacks authority. (Doc. 90 at 2, emphasis added.) Any order that directs the timing of any step in a DOJ-internal process or restricting the timing of a decision committed to the Executive Branch would involve the Court inserting itself into the decision making "process" and would be a violation of the separation of powers. As recognized by the Court in *United States v. Slone*,

> The appropriate severity of punishment is . . . an important aspect of a prosecutor's charging decision. The DOJ's decision to pursue a death sentence is directly analogous and equally within its unreviewable discretion. Ordering the Justice Department to consider Slone's presentation of mitigating evidence on a particular timeline would obliterate that discretion by imposing judicially-mandated procedures for deciding whether to seek death. Court intervention would interfere with prosecutors' "position in our constitutional structure."

969 F. Supp. 2d 830, 837–38 (E.D. Ky. 2013).

The defendant represents in the Motion to Reconsider that the United States "does not meaningfully deny that the time it has given Youngblut to prepare a mitigation submission is 'radically inadequate'" and that "all but concedes it has chosen to deprive Youngblut of 'a reasonable opportunity to present information[.]'" (Doc. 91 at 4-5.) The defendant overstates the case and attempts to convert the limited engagement of the United States on an ancillary issue into concurrence or acquiescence. The United States does not concede that the scheduled mitigation presentation date is unreasonable or inadequate. DOJ set and maintained the date of the presentation upon its assessment that defense counsel had a sufficient opportunity to develop and present evidence and argument in mitigation to the Capital Review Committee, as contemplated by Justice Manual § 9-10.130. The actual issue before the Court is whether the defendant's

subjective assessment of the reasonableness of the selected date empowers the Court to intervene in DOJ-internal deliberation processes. The Court has already determined it lacks the authority to do so, (Doc. 90 at 2), and nothing in the Motion to Reconsider establishes that the Court has that authority.

The defendant renews the argument that the Court can grant the requested injunction because it has the "inherent authority" to set deadlines and enter scheduling orders in its cases to manage its dockets and courtrooms. (Doc. 91 at 12-13.) Yet the defendant is not charged with a capital offense in this case, so any order regarding the scheduling of a mitigation presentation would pertain only to a DOJ-internal process and not to the charges currently pending in this case. The Court should not reverse its position and adopt the view of the minority of cases that have used "inherent authority" to control the timing of a mitigation presentation or the government's decision on whether to seek the death penalty. It would be an inappropriate exercise of judicial authority to become involved in the scheduling of a meeting within the DOJ's deliberative process. *See United States v. Wilson*, 518 F. Supp. 3d 678, 682 (W.D.N.Y. 2021) (gathering cases for the majority view and disagreeing with the use of inherent authority to establish a scheduling order in *United States v. McGill*, No. 09CR2856-IEG, 2010 WL 1571200 (S.D. Cal. Apr. 16, 2010)).

For these reasons, and because the defendant has failed to show a justification for the Court to reconsider its well-reasoned order, the Motion to Reconsider should be denied.

Dated at Burlington, in the District of Vermont, July 23, 2025.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL P. DRESCHER
        Acting United States Attorney

By: /s/Matthew J. Lasher
Matthew J. Lasher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
matthew.lasher@usdoj.gov

4