```
                                                    U.S. DISTRICT COURT
                                                    DISTRICT OF VERMONT
                                                           FILED
```

```
                                                    2025 AUG 14  AM 10:06

            UNITED STATES DISTRICT COURT                  CLERK
                     FOR THE
               DISTRICT OF VERMONT                  BY    AL
                                                        DEPUTY CLERK
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Case no. 2:25-cr-00015-1 |
| ) | |
| TERESA YOUNGBLUT,        ) | |
|     Defendant. ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### Count One

On or about January 20, 2025, in the District of Vermont, the defendant, TERESA YOUNGBLUT, with malice aforethought, unlawfully killed United States Border Patrol Agent D.C.M.—an officer and employee of the United States as designated in 18 U.S.C. § 1114—by shooting him while he was engaged in and on account of his performance of official duties.

(18 U.S.C. §§ 1114(a) and 1111)

1

## Count Two

On or about January 20, 2025, in the District of Vermont, the defendant, TERESA YOUNGBLUT, used a deadly weapon—to wit: a firearm—while willfully and forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with an officer and employee of the United States as designated in 18 U.S.C. § 1114—United States Border Patrol Agents J.M. and D.W.—while they were engaged in and on account of their performance of official duties.

(18 U.S.C. §§ 111(a)(1) and 111(b))

## Count Three

On or about January 20, 2025, in the District of Vermont, the defendant, TERESA YOUNGBLUT, knowingly used, carried, brandished, and discharged a firearm—to wit: a Glock model 23 .40-caliber pistol—during and in relation to a crime of violence, as alleged in Counts One and Two, for which the defendant may be prosecuted in a court of the United States.

(18 U.S.C. § 924(c)(1)(A)(iii))

## Count Four

On or about January 20, 2025, in the District of Vermont, the defendant, TERESA YOUNGBLUT, committed a violation of 18 U.S.C. § 924(c), that is knowingly used and carried a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States—to wit: the murder alleged in Count One—and, in the course of such violation of 18 U.S.C. § 924(c) as alleged in Count Three, did cause the death of United States Border Patrol Agent D.C.M. through the use of the firearm, and the killing constituted murder as defined in 18 U.S.C. § 1111.

(18 U.S.C. § 924(j)(1))

Notice of Special Findings Pursuant to 18 U.S.C. §§ 3591 and 3592

The allegations of Count Four of this Superseding Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

As to Count Four, the Grand Jury finds:

1) The defendant TERESA YOUNGBLUT:

   a. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

   b. Intentionally killed the victim United States Border Patrol Agent D.C.M. (18 U.S.C. § 3591(a)(2)(A));

   c. Intentionally inflicted serious bodily injury that resulted in the death of the victim United States Border Patrol Agent D.C.M. (18 U.S.C. § 3591(a)(2)(B));

   d. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than the participant in the offense, and the victim United States Border Patrol Agent D.C.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

   e. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant of the offense, such that participation in the act constituted a reckless disregard for human life and United States Border Patrol Agent D.C.M. died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D));

   f. In the commission of the offense, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

5

g. Committed the offense against United States Border Patrol Agent D.C.M., a Federal public servant who was a law enforcement officer while he was engaged in the performance of his official duties, because of the performance of his official duties, and because of his status as a public servant. (18 U.S.C. § 3592(c)(14)(D)).

        (18 U.S.C. §§ 3591 & 3592)

Forfeiture Notice

1) The allegations contained in Counts One, Two, Three, and Four of this Indictment are hereby realleged and incorporated by reference to allege forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

2) Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. §§ 1114, 111, 924(c), and/or 924(j), the defendant, TERESA YOUNGBLUT, shall forfeit to the United States any firearm and ammunition involved in the commission of the offense. The property to be forfeited includes:

a) One Glock model 23 .40-caliber pistol seized from the defendant's person; and

b) Any live rounds of ammunition from the firearm's magazines.

(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c))

A TRUE BILL

_____
FOREPERSON

_Michael P. Drescher_
MICHAEL P. DRESCHER (MJL)
Acting United States Attorney
Burlington, Vermont
August __14__, 2025