UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case no. 2:25-cr-00015-1 |
| ) | |
| TERESA YOUNGBLUT,   ) | |
| Defendant.   ) | |

**NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

The United States of America, by and through its undersigned counsel and pursuant to 18 U.S.C. § 3593(a), notifies the Court and defendant TERESA YOUNBLUT that the United States believes the circumstances in Count Four of the Superseding Indictment are such that, in the event of a conviction, a sentence of death is justified under 18 U.S.C. §§ 3591-3598, and that the United States will seek the sentence of death for this offense: Discharge of a Firearm During a Crime of Violence Resulting in Death (Count Four).

The United States proposes to prove the following factors as justifying a sentence of death with regard to Count Four as specified below:

1. The Defendant TERESA YOUNGBLUT was 18 years of age or older at the time of the offenses (18 U.S.C. § 3591(a)).

2. The government proposes to prove the following intent factors enumerated under 18 U.S.C. § 3591(a)(2)(A)-(D) in justifying a sentence of death:

    a. TERESA YOUNGBLUT intentionally killed the victim United States Border Patrol Agent D.C.M. (18 U.S.C. § 3591(a)(2)(A));

    b. TERESA YOUNGBLUT intentionally inflicted serious bodily injury that resulted

1

in the death of the victim United States Border Patrol Agent D.C.M. (18 U.S.C. § 3591(a)(2)(B));

c. TERESA YOUNGBLUT intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the victim United States Border Patrol Agent D.C.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and

d. TERESA YOUNGBLUT intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant in the offense, such that participation in the act constituted a reckless disregard for human life and the victim United States Border Patrol Agent D.C.M. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D)).

3. The government proposes to prove the following statutory aggravating factors enumerated under 18 U.S.C. § 3592(c) in justifying a sentence of death:

    a. In the commission of the offense, or in escaping apprehension for the violation of the offense, TERESA YOUNGBLUT knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5)); and

    b. TERESA YOUNGBLUT committed the offense against United States Border Patrol Agent D.C.M., a Federal public servant who was a law enforcement officer while he was engaged in the performance of his official duties, because of the performance of his official duties, and because of his status as a public servant. (18 U.S.C. § 3592(c)(14)(D)).

4. Pursuant to Title 18, United States Code, Section 3593(a), the government proposes to prove the following other aggravating factors in justifying a sentence of death.

   a. TERESA YOUNGBLUT caused injury, harm, and loss to United States Border Patrol Agent D.C.M, as well as to the family and friends of United States Border Patrol Agent D.C.M. The injury, harm, and loss caused by TERESA YOUNGBLUT with respect to United States Border Patrol Agent D.C.M. is evidenced by the victim's personal characteristics and by the impact of the victim's death upon his family and friends.

Dated at Burlington, in the District of Vermont, August 14, 2025.

Respectfully submitted,

UNITED STATES OF AMERICA

By:    /s/MICHAEL P. DRESCHER
       MICHAEL P. DRESCHER
       Acting United States Attorney
       P.O. Box 570
       Burlington, VT 05402-0570
       (802) 951-6725