U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 SEP 15 AM 10: 00

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:25-cr-00015-1 |
| ) | |
| TERESA YOUNGBLUT, ) | |
| Defendant. ) | |

## ORDER

This matter comes before the court following hearings on June 24, 2025, and September 5, 2025, wherein the court reviewed competing proposed protocols from the parties and directed the parties to submit a joint proposed protocol for reviewing the defendant's pretrial detention records sought by the government in this case. ECF No. 104. After due consideration of the parties' joint proposal, the court ORDERS as follows:

**1.    Scope**

a. This Discovery Protocol Order (the "Protocol") governs the review of the Defendant's Pretrial Detention Records that are sought by the government in this case. Pretrial Detention Records are defined as any records kept by any pretrial detention facility, hospital, and/or medical facility in which the Defendant has been detained, or will be detained, since January 20, 2025, excluding those records described below in section 1.c.

b. The purpose of the Protocol is to create a mechanism through which the court or a Special Master will screen Pretrial Detention Records, for material that is protected from disclosure, including but not limited to attorney-client, psychotherapist-patient, and clergy-penitent communications, as well as material prepared by the defendant and/or attorneys in anticipation of litigation protected under the work product doctrine.

c. Pretrial Detention Records shall not include records that exclusively describe the Defendant's assigned detention facilities, locations within the facilities, length of time spent within the facilities, and movements within the facilities; records of separation requests and resulting actions; disciplinary reports; work assignments; and administrative messages between the United States and the detention facility that confirm receipt of a request or confirmation that Pretrial Detention Records were delivered to the court.

d. In the course of its examination of Pretrial Detention Records, the court may identify records, or portions of records, that the court determines are subject to one or more privileges or protections. In addition, the court may identify records or portions of records that the court believes may be subject to a privilege but are not clearly privileged or non-privileged upon initial review. For the purpose of this Protocol, these latter materials will be referred to as "Potentially Protected Materials."

e. In order to assist the court in its review of Pretrial Detention Records, counsel for the defendant shall provide to the court, *ex parte*, information that will help identify areas of potential privilege, including but not limited to:

   i. Names, phone numbers, and email addresses of all members of the defense team, including consulting experts, who may be visiting or communicating with the defendant;

   ii. the base(s) for the anticipated privilege claim (i.e., the nature of the relationship between the Defendant and the individual that would give rise to a potential privilege);

   iii. any known dates of significance to the defense that may be more likely to contain privileged materials; and

      iv. any other information that will assist the court in its assessment of privileged materials within the Pretrial Detention Records.

      v. Counsel for the defendant shall initially produce such information within fourteen (14) days of this Order and then shall update the court as such information changes.

    f. The government does not anticipate requesting the Defendant's medical or treatment records, including requests for treatment, from any facility (including hospitals and medical facilities), and it will exclude those records in its requests for Pretrial Detention Records. If the United States believes it has cause to request any of the Defendant's medical records from a treatment provider through a detention or medical facility, the United States will first move the court for permission to request the medical records. These records shall not include records of psychotherapist treatment, including notes, appointment dates or times, or any matters otherwise prohibited from government review by the psychotherapist or, in the course of expert consulting, attorney-client privilege. As part of its motion, the United States will confer with counsel for the Defendant to ascertain their position. If counsel for the Defendant objects, counsel for the Defendant will have five (5) days to file a response in opposition. If the court grants the government's motion to request certain medical records, such medical records will be treated like other Pretrial Detention Records and will be screened as part of this Protocol.

**2. Request, Receipt, and Organization of Pretrial Detention Records**

    a. Either party may request and receive Pretrial Detention Records in accordance with any means of legal process available to the parties. This Protocol shall govern only requests by the government for the Defendant's Pretrial Detention Records.

      b. If the United States requests Pretrial Detention Records, it shall specify that its request specifically excludes: (1) communications over designated attorney lines; (2) any communications to phone numbers and email addresses that have been identified to the facility as members of the defense legal team; , (3) any correspondence or paperwork marked designated as legal correspondence or legal materials; and (4) any medical or treatment records or request for medical treatment.

      c. The detention facility, upon receiving a request for Pretrial Detention Records from the government, shall send a message confirming receipt of the request for the materials to the government. The detention facility shall then transmit any responsive materials directly to the court by way of an electronic mechanism or digital storage medium to be ~~determined by the court~~ [handwritten: VTD – Review @ vtd.uscourts.gov CR]. The detention facility shall include as part of this transmission correspondence describing how and when the materials were requested, describing how and when they were collected or received, and an affirmation stating that the materials have not been provided to the United States. The detention facility shall then send a message to the government confirming transmission of materials to the court.

      d. To the extent the United States has previously received Pretrial Detention Records or medical records, or subsequently receives Pretrial Detention Records or medical records before being screened pursuant to this Protocol, it shall pass the materials – without accessing or reviewing them – to the court with correspondence describing how and when the materials were requested, describing how and when they were received, and stating that they have not been reviewed by the United States.

**3. Court Review Procedures**

4

a. The court, or its designated Special Master, shall review the Pretrial Detention Records it receives from the detention facility within fifteen (15) business days and determine which records are privileged, which records constitute or contain Potentially Protected Material, and which records are not privileged or protected.

b. The court will catalogue all records the court receives in an electronic index with a Privilege Log. The electronic index will identify the records with enough specificity to enable the parties to determine the basis for the privilege or potential privilege, while also preserving the confidentiality of the privileged or potentially privileged information. For example, the court shall provide a description of the category of record, the identity of the record by bates number, and a descriptor of the basis of the privilege, such as client communication with a member of the defense team. The electronic index and privilege log will designate each record as privileged, as Potentially Privileged Material, or as non-privileged. For each item determined to be privileged or Potentially Privileged Material, the Privilege Log will include the implicated privilege or protection.

c. The court will provide this electronic index and Privilege Log to the parties within fifteen (15) business days of receipt of the records. At the same time, the court will provide the content of all Pretrial Detention Records it has reviewed to counsel for the Defendant in an electronic form of the court's choosing.

d. The court will not provide the United States with the content of any record it has determined to be privileged. If counsel for the Defendant determines upon review that any record found by the court to be privileged should not have been deemed such,

counsel for the Defendant will promptly notify the court and promptly produce the content of the record to the United States.

e. As to records the court determines to be non-privileged, prior to disclosing the non-privileged records to the United States, the court will provide the counsel for the Defendant five (5) business days to object to the disclosure of the records to the United States. Objections to disclosure or additional information to support a claim of privilege may be provided directly to the court *ex parte* by counsel for the Defendant. Absent an objection from counsel for the Defendant, the court will provide any non-privileged records to the United States twenty (20) days after receipt by the court.

f. As to records the court determines to be Potentially Protected Materials, if the Defendant wishes to assert a privilege and prevent disclosure of the record, the defendant must send to the court a written objection—*ex parte* and directly to the court, if the Defendant so chooses—within five (5) business days. The objection shall specify the privilege(s) and/or protection(s) claimed by the Defendant to preclude the production of each record logged. The court may ask the parties to brief the court on whether a privilege does or does not apply.

g. **Court review**: Within seven (7) days of receiving the Defendant's objections, the court will make any revisions to the Privilege Log it deems appropriate based on the Defendant's objections, determining which records are deemed to be privileged or protected. The court will then produce to the parties the revised electronic index and will produce to the United States the materials it has since deemed to be non-privileged. The court will maintain a record of the Defendant's objections that are overruled by the court.

h. **Government objections**: If the United States objects to the court's designation of privileged materials or the court's description of its designations in the revised electronic index, it must send a written objection to the court within seven (7) days of receiving the revised electronic index stating the alleged incorrect designation or insufficiency and describing why the materials should be disclosed to the United States or described in greater detail. The Defendant shall provide a written response to the government's objections within seven (7) days, and the final decision shall be made by the court thereafter.

i. **Meet and confer requirement**: Upon receiving objections from either party, the court may direct the parties to confer within ten (10) days about the objections in a good-faith attempt to resolve any disagreements. The parties shall file a joint status report within three (3) days of the conference detailing the results of the discussion.

j. **Motion practice**: Following the parties' conference, either party may file further arguments within fourteen (14) days of the joint status report. The moving party shall include with its filing pertinent portions of the Privilege Log, as well as a memorandum containing any factual or legal arguments. The court will, in its discretion, either order responsive filings and set a hearing on the contested matters or rule on the contested matters *sua sponte*. If the court orders responsive filings, the responding party shall file a response within ten (10) days, and the moving party may file a reply within five (5) days of the response.

4. **Non-Party Privilege Holder Procedures**

a. If the court determines in its review of the Pretrial Detention Records pursuant to this Protocol that a non-party to this case is an ostensible holder of potential

privilege(s) or protection(s) of any Potentially Protected Material, it will notify the parties in its Privilege Log and the Non-Party before producing their Potentially Protected Material to the United States and the Defendant.

    i. The title and criminal case number of this proceeding;

    ii. The anticipated date of production to the United States and Defendant;

    iii. An electronic index identifying the Potentially Protected Material scheduled for production in the manner described in paragraph 3.b above;

    iv. An electronic copy of the Potentially Protected Material scheduled for production;

    v. A copy of any protective order in this case; and

    vi. A copy of this Protocol.

b. If the court determines that notice of any Potentially Protected Material might jeopardize an ongoing investigation, the court may choose to consult with the United States *ex parte* about the matter and direct the United States to file an appropriate motion seeking nondisclosure thereafter.

c. **Non-Party Objections**: An ostensible holder of any potential privilege(s) and/or protection(s) notified by the court may assert a claim over Pretrial Detention Records by providing a written objection to the court within thirty (30) days of receiving notice detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s) in the manner described in paragraph 3.e above.

d. **Non-Party Waiver**: If the non-party fails to object within thirty (30) days, the court may find that the non-party has waived any privilege(s) and/or protection(s) over the Potentially Protected Material.

e. **Non-Party Motion Practice**: The procedures set forth in paragraph 3(j) shall apply to non-party objections, with the non-party having the same rights and obligations as a party in such proceedings.

5. **Special Master Provision**

a. If the court determines, based upon the volume of materials to review under this Protocol, that appointment of a Special Master is appropriate, it will notify the parties. The parties may then submit to the court the name of an agreed-upon appointee within seven (7) days. If the parties are unable to agree upon an appointee who is willing to perform the role, the court will appoint a Special Master.

b. The parties prefer the court consider appointing an individual who is an attorney with experience in federal court, who has served or is serving as a judicial officer or otherwise has extensive experience with federal criminal law and privilege doctrines, who has the time and technological capabilities to review electronic records within timelines specified by the court, and who does not have a conflict with the parties or anticipated witnesses. The Special Master will conduct the initial record review and designate the materials as described above.

c. The Special Master will receive any objections from the parties and make recommendations to the court for resolution of the disputed records.

6. **Post-Disclosure Provisions**

a. An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-privileged materials to the United States or the Defendant by providing a written objection to the court and the recipient party detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). Upon receipt of such objection, the recipient party must promptly return, sequester, or destroy the identified material (and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if disclosed before receiving the objection. The identified material will then be treated as Potentially Protected Material under this Protocol.

b. If any member of the prosecution team inadvertently reviews any investigative material that appears to constitute privileged or Potentially Protected Material, that member shall immediately cease review of the material and inform counsel for the United States. Counsel for the United States shall notify the Defendant and the court and turn the materials over to the court for processing in accordance with this Protocol. Inadvertent review of privileged or Potentially Protected Material shall not automatically disqualify a prosecution team member from this matter.

7. **General Provisions**

a. The court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material received and/or produced by either party pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

b. Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to either party under this Order or subsequent order in this proceeding shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

c. All parties have the right to present to the court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

d. The parties may extend the deadlines of this Protocol by written stipulation or by motion requesting an extension from the court upon good cause shown.

Dated at Burlington, in the District of Vermont, this 15th day of September, 2025.

HON. CHRISTINA REISS, CHIEF JUDGE
United States District Court
District of Vermont