UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-00015-cr-1 |
| | ) | |
| TERESA YOUNGBLUT, | ) | **CAPITAL CASE** |
| Defendant. | ) | |

**UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

NOW COMES Defendant, Teresa Youngblut, through counsel, and respectfully requests that the Court extend the deadline for filing pretrial motions not less than ninety (90) days from the current deadline (November 5, 2025) for filing pretrial motions. The defendant also asks that the deadline, under Local Criminal Rule 16(c), for providing written notice pursuant to Rules 12.1, 12.2, and 12.3 be similarly extended. Finally, the defendant requests that the Court order that the same period be excluded from calculation under the Speedy Trial Act. This is the third motion to continue the pre-trial motions deadline. The reasons for these requests are set forth below:

**I.    Background.**

On February 6, 2025, the defendant was indicted on one count of use of a deadly weapon against an officer or employee of the United States in violation of 18 U.S.C. §§ 111(a)(1) and 111(b), and one count of discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The arraignment was held on February 7, 2025, and pre-trial motions were ordered to be filed by May 8, 2025.  The defendant was detained and has remained in custody since their arrest on January 20, 2025.

In anticipation of a supplementary discovery production, and the fact that government advised it was actively exploring additional charges, the defendant filed an unopposed motion requesting a 90-day continuation of the pretrial motions deadline. ECF No. 53. The court granted that motion and continued

the pretrial motions deadline to August 7, 2025. ECF No. 55. On August 5, 2025, the defendant filed a second unopposed motion to continue the motions deadline for an additional 90 days. ECF No. 93. The same day, the Court granted the motion, continuing the pretrial motions deadline to November 5, 2025. ECF No. 95.

## II.     Bases for the Request.

Since the filing of the last motion, the government has filed a superseding indictment that includes additional charges, including capital eligible charges, and notice of its intent to seek the death penalty in this case. ECF Nos. 96, 97. Now that there are capital charges, many aspects of the case have changed, including the scope and complexity of the government's discovery obligations, and the scope and rigor required by defense counsel in investigating all aspects of the charges, as well as all potentially mitigating and aggravating factors that might arise if this case proceeds to a capital sentencing. In that vein, the government and the defense have begun discussing the probable likelihood of filing a motion to designate the case as complex.

The arraignment on the Superseding Indictment was held on September 5, 2025. Under the Local Criminal Rule 16(c), there is currently a September 26, 2025, deadline for the defense to provide written notice under Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3.

Additional time is needed to allow the defendant and counsel to receive and review additional discovery, submit follow-up discovery requests as appropriate, and conduct investigation, all of which will inform counsel's evaluation of potential pretrial motions as well as other pretrial disclosures. In addition, special considerations govern the 12.2 disclosure process in a capital case. The defendant therefore requests that the Court continue the current November 5, 2025, deadline for filing pretrial

motions for an additional 90 days, as well as continuing the pretrial deadline directing written notices under Rules 12.1, 12.2, and 12.3 to fall on or after the deadline for filing pretrial motions.

These factors all support a continuance under 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv).

The government, through Assistant United States Attorney Matthew Lasher, has no objection to the requested extension of these pretrial deadlines.

The defendant consents to the exclusion of the time requested from the speedy trial limits set forth in 18 U.S.C. § 3161. The defendant recognizes that any additional time granted will be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

For the reasons stated above, this continuance is necessary, and the defendant submits that without a continuance they would be deprived of the time necessary for effective preparation, taking into account the exercise of due diligence.

WHEREFORE, the defendant respectfully requests that the Court grant the Defendant's Unopposed Motion to Extend Pretrial Deadlines and to Exclude Time Under the Speedy Trial Act, and that the Court set new dates for the deadlines for filing pretrial motions and written notices under Rules 12.1, 12.2, and 12.3, for at least 90 days after the current November 5, 2025, deadline. Finally, the defendant requests that the time between the filing of this motion and the new deadline for the filing of pre-trial motions be excluded from computation under the Speedy Trial Act.

A proposed order is attached.

Dated: September 26, 2025

> By:   */s/ Steven L. Barth*
> STEVEN L. BARTH
> Interim Federal Public Defender

Office of the Federal Public Defender
District of Vermont
95 Pine Street, Suite 150
Burlington, Vermont 05401
Phone: (802) 862-6990
Email: Steven_Barth@fd.org

Christine Lehmann
Senior Staff Attorney
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, LA 70113
(504) 558-9867
clehmann@thejusticecenter.org

Julie L.B. Stelzig
Assistant Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Phone: (301) 344-0600
Email: julie_stelzig@fd.org

Counsel for Teresa Youngblut