UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-00015-cr-1 |
| | ) | **CAPITAL CASE** |
| TERESA YOUNGBLUT, | ) | |
| Defendant. | ) | |

**Joint Motion to Exclude Time Under the Speedy Trial Act
and Suspend Pretrial Deadlines**

The parties jointly move this Court to (1) exclude 180 days under the Speedy Trial Act, based on a conclusion that this capital case is "so unusual or so complex" that the parties cannot proceed on the current schedule, and (2) suspend the deadline for filing pretrial motions and the deadline for providing written notice under Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3.

On February 6, 2025, Youngblut was indicted on one count of using a deadly weapon while assaulting a federal law enforcement officer, under 18 U.S.C. § 111(a)(1), (b), and one count of discharging a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c). ECF 30 at 1-2. On August 14, 2025, the government obtained a superseding indictment that added one count of second-degree murder of a federal law enforcement officer, under 18 U.S.C. §§ 1111, 1114(a), and one count of violating § 924(c) resulting in death, under 18 U.S.C. § 924(j). ECF 96 at 1-4. That same day, the government filed a notice of its intent to seek the death penalty if Youngblut is convicted of the § 924(j) offense. ECF 97.

The Court originally set a May 8, 2025, deadline for filing pretrial motions, ECF 31, and later extended that deadline to August 7, 2025, ECF 55; November 5, 2025, ECF 95; and

1

February 5, 2026, ECF 109. The Court's most recent extension order also set February 5, 2026, as the deadline for written notices under Rules 12.1, 12.2, and 12.3. ECF 109 at 2. In addition, all of the Court's orders excluded the extension periods from computation under the Speedy Trial Act (STA). ECF 55 at 1-2; ECF 95 at 1-2; ECF 109 at 1-2.

Substantial work remains to be done before Youngblut can be ready to file pretrial motions. An additional exclusion of time pursuant to the STA is therefore warranted. Under the STA, trial must begin no more than 70 days after the later of the date on which the indictment was filed or the date of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). But certain "periods of delay" are "excluded" in computing the time within which trial must begin. *Id.* § 3161(h). Most relevant here, the 70-day window excludes any continuance based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In deciding whether to grant an ends-of-justice continuance, a court should consider, among other factors, "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the STA]." *Id.* § 3161(h)(7)(B)(ii).

Capital cases—even those featuring only a single defendant and a limited number of charges—are significantly more "complex" than most non-capital cases. Among other things, "an attorney for a capital defendant must 'conduct a reasonably substantial, independent investigation into potential mitigating circumstances' to prepare for the sentencing hearing." *United States v. George*, 2018 WL 6812497, at *3 (E.D. La. Dec. 27, 2018) (quoting *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002)). The Supreme Court, relying on guidelines issued

by the American Bar Association, "has explained that death-penalty mitigation investigations often include examining a defendant's medical history, educational history, employment and training history, family and social history, prior adult and juvenile correctional experience, and religious and cultural influences." *Id.* (citing *Wiggins v. Smith*, 539 U.S. 510, 524 (2003)). That process, which requires speaking to dozens of witnesses and gathering records from numerous sources, can take years.

As a result, "[c]ourts around the country have . . . found that given the implications for a defendant facing death-penalty-eligible charges," a capital case is unusually "complex" for purposes of § 3161(h)(7)(B)(ii). *United States v. Gross*, 2025 WL 3702964, at *4 (S.D. Ind. Dec. 22, 2025); *see United States v. Silvers*, 2021 WL 4594669, at *4 (W.D. Ky. Oct. 6, 2021) ("The seriousness of the alleged crime, in combination with the potential for capital punishment, make this a complex case for both parties that the court must deliberately safeguard to ensure it is executed properly."); *United States v. Peltier*, 2020 WL 6065555, at *6 (W.D. Mo. Oct. 14, 2020) (holding trial continuance was appropriate in light of "the complexities involved in a capital prosecution," among other factors); *George*, 2018 WL 6812497, at *8 ("The continuance is necessary to allow the capital defendants to adequately prepare for both phases of the trial considering the complex nature of the case as well as the extensive mitigation investigations that need to be conducted.").

Additionally, courts frequently designate cases "complex" because of the volume of discovery. *E.g.*, *United States v. Kaplan*, 2024 WL 4476809, at *4 (E.D.N.Y. Oct. 11, 2024) ("The extensive discovery here, in confluence with this matter's factual complexity, provides additional reason to designate this case as complex."); *United States v. Smith*, 660 F. Supp. 3d 210, 216 (S.D.N.Y. 2023) (declaring case "complex" under § 3161(h)(7)(B)(ii) and citing,

3

inter alia, the volume of discovery provided to defendant); *United States v. Chichakli*, 2014 WL 5369424, at *7 (S.D.N.Y. Oct. 16, 2014) (citing § 3161(h)(7)(B)(ii) and noting "this Court excluded [a period of] time because of the complexity of this case and the voluminous discovery that the Government needed to produce"). The discovery in Youngblut's case is expected to be exceedingly large, and the disclosure process will not conclude for some time. In addition to the events surrounding January 20, 2025, the government has indicated that future discovery productions will include materials related to the ongoing criminal cases of several other people in multiple jurisdictions across the country.

Given the volume of materials—and the number of law enforcement entities and jurisdictions involved—the process of turning over discovery in this case is not yet complete. The parties are engaged in an ongoing dialogue about what discovery will be disclosed and when. To date, the government has produced two batches of discovery to Youngblut's counsel. Defense counsel responded to those productions with requests for additional discovery, and the government is in the process of reviewing those requests and producing materials it believes to be required by Federal Rule of Criminal Procedure 16. The government expects to produce an additional round (or multiple rounds) of discovery—containing a substantial number of materials—within approximately one month, and has advised that other inquiries remain outstanding at this time but are in various stages of process. Upon receiving those materials, defense counsel will need time to review them, identify facts that are potentially relevant to litigation, submit any necessary follow-up requests, conduct additional investigation, consult possible experts, and incorporate the discovery into pretrial motions.

For these reasons, the parties jointly request that the Court exclude an additional 180

days from computation of the STA's 70-day clock. This case is sufficiently "complex" that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within 70 days from expiration of the current deadline. § 3161(h)(7)(B)(ii).

The parties also request that the Court suspend the deadlines for pretrial motions and for disclosures under Rules 12.1, 12.2, and 12.3. In federal capital cases, the parties typically file pretrial motions in phases, with separate, spaced-out deadlines established for, e.g., discovery-related motions, Rule 12 motions, motions related to the government's aggravating factors, etc. Youngblut and the government agree it is appropriate to adopt a staggered motions schedule of that type in this case, pursuant to which different deadlines will be set for different categories of motions. Given the ongoing discovery process, the parties believe that setting those deadlines now would be premature. After discovery is complete, the parties will be in a better position to propose a series of staggered deadlines for pretrial motions and notices under Rules 12.1, 12.2, and 12.3.

Youngblut consents to the exclusion of the time requested from the speedy trial limits set forth in 18 U.S.C. § 3161. Youngblut recognizes that any additional time granted will be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). For the reasons stated above, this continuance is necessary, and Youngblut submits that without a continuance, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the STA.

The parties therefore jointly request that the Court (1) exclude 180 days under the Speedy Trial Act, as the ends of justice served by such an exclusion outweigh the public's and the defendant's interest in a speedy trial, and (2) suspend the deadline for filing pretrial motions and the deadline for providing written notice under Federal Rules of Criminal

Procedure 12.1, 12.2, and 12.3.

      A proposed order is attached.

Dated: February 4, 2026

                            Respectfully submitted,

                        By:    */s/ Steven L. Barth*
                                STEVEN L. BARTH
                                Assistant Federal Public Defender
                                Office of the Federal Public Defender
                                District of Vermont
                                95 Pine Street, Suite 150
                                Burlington, VT 05401
                                Phone: (802) 862-6990
                                Email: steven_barth@fd.org

                                Julie L.B. Stelzig
                                Assistant Federal Public Defender
                                6411 Ivy Lane, Suite 710
                                Greenbelt, MD 20770
                                Phone: (301) 344-0600
                                Email: julie_stelzig@fd.org

                                Christine Lehmann
                                Senior Staff Attorney
                                Louisiana Capital Assistance Center
                                636 Baronne St.
                                New Orleans, LA 70113
                                (504) 558-9867
                                clehmann@thejusticecenter.org

                                Counsel for Youngblut

                                UNITED STATES OF AMERICA
                                JONATHAN A. OPHARDT
                                First Assistant United States
                                Attorney

By: <u>/s/ Matthew J. Lasher</u>
Matthew J. Lasher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
matthew.lasher@usdoj.gov

7

2:25-cr-00015-cr     Document 113     Filed 02/04/26     Page 7 of 7