

EXHIBIT
A

OFFICE OF THE FEDERAL PUBLIC DEFENDER
DISTRICT OF VERMONT

FEDERAL PUBLIC DEFENDER       95 PINE STREET       ASSISTANT FEDERAL DEFENDERS
MICHAEL L. DESAUTELS       SUITE 150       STEVEN L. BARTH
      BURLINGTON, VERMONT 05401       BARCLAY T. JOHNSON
      TEL: 802.862.6990       EMILY C. KENYON
      FAX: 802.862.7836       SARA M. PULS
      https://vt.fd.org

February 14, 2025

AUSA Matthew Lasher
United States Attorney's Office
District of Vermont
United States Courthouse and Federal Building
Burlington, Vermont 05402-0570
VIA: EMAIL

       **Re: *United States v. Teresa Youngblut*; 2:25-cr-00015-cr**
           **Evidence Preservation Request**

Dear AUSA Lasher:

      I am writing to you regarding the shooting incident described in the affidavit attached to the complaint filed in Ms. Youngblut's case. *See* doc. 5. As alleged in the complaint affidavit filed in this case, Ms. Youngblut is alleged to have been present, on January 20, 2025, when a shooting took place involving members of law enforcement, including U.S. Border Patrol Agents (the "Incident"). I am requesting preservation of all evidence related to the incident.

      I ask that you use all due diligence to preserve all evidence related to the Incident including, but not limited to, the items listed below. This is not limited to items directly in your possession, custody or control. I ask that you use due diligence to preserve such items from any law enforcement body or any other investigative or administrative body or other person or entity involved in a response to, an investigation of, or in any way connected to the Incident. This includes, but is not limited to, the Department of Homeland Security ("DHS"), U.S. Customs and Border Protection (including the U.S. Border Patrol) ("CBP"), the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Tobacco and Firearms ("ATF"), the Office of Inspector General ("OIG"), Vermont State Police, Orleans County Sheriff's Department, Newport City Police Department, Lyndonville Police Department, the Constables of Coventry, the Vermont Attorney General's Office, the Department of State's Attorneys and Sheriffs and the Orleans' States' Attorney (collectively, the "Involved Parties").

      Please preserve the following items:

1) All audio, video and electronic recordings related to the Incident (before, during, or after the Incident).[1]
2) All evidence, including but not limited to, reports and recordings (audio and visual), of any surveillance or investigation of defendant Youngblut or Felix Baukholt prior to the incident.
3) All dispatch recordings of any of the Involved Parties relating to the Incident (whether before, during, or after the Incident).
4) All discharged bullets recovered from the scene of the Incident (including all shell casings).
5) All firearms drawn, used, or discharged in relation to the Incident.
6) All vehicles that were shot during the Incident.  We ask that repairs to such vehicles not be made until the defense has had an adequate opportunity to inspect them.
7) All other physical evidence recovered from the scene of the Incident, including, but not limited to, items recovered from the vehicle that the defendant was alleged to have been operating (*see* doc. 5).
8) All diagrams, maps, drawings or renderings of any sort related to the Incident.
9) All articles of clothing worn by any person who was shot in relation to the Incident.
10) All administrative investigative materials, including diagrams, maps or renderings of the Incident and any reports, findings or recordings (including interviews) of the Incident.
11) All public, commercial, personal, or private recordings (audio or visual) of the Incident.  This includes any footage from pole cameras or other security cameras.
12) Any recordings (audio or video), reports, notes or other products related to the Incident produced by any emergency response personnel, emergency room personnel (including nurses and doctors), medical examiner, pathologist, coroner or the like.
13) All witness interviews related to the Incident whether conducted by members of any of the Involved Parties or some other entity.  This includes all recordings (audio and video), written reports, transcripts, notes and the like.
14) A list of all those present at the scene of the Incident including during the Incident and the investigation after the incident.  This includes all individuals connected to the Involved Parties, emergency response personnel and bystanders.
15) Any recordings (audio or visual) of any walkthrough of the scene of the Incident.
16) Any correspondence with union representatives related to the Incident.
17) All messages, including text messages and voice messages, related to the incident, using any platform, application or electronic medium from or to the Involved Parties.  This includes any message indicating bias toward Ms. Youngblut or Ms. Youngblut's defense team.

To further protect Ms. Youngblut's constitutional rights in connection with these allegations, we ask that you notify us should any of the above-requested items already be destroyed, modified or altered in any way; and that you take no further action regarding these items without a court order, after notice to the defense of the intent to do so.

Nothing in this letter should be construed to limit your responsibilities to produce discovery pursuant to Fed. R. Crim. P. 16, Fed. R. Crim. P. 26.2, the Fifth and Sixth Amendments and any other rule, statute or precedent requiring the production of discovery.

---

[1] All references to recordings in this request are meant to include any recording regardless of the medium by which they were made and/or upon which they were saved.

Finally, because you are in a better position to know which parties and/or organizations should be made aware of this request to preserve evidence, I ask that you forward this request to preserve evidence to those entities.    Finally, I thank you for your time and attention to this matter.


Sincerely,

/s/ *Steven L. Barth*

Steven L. Barth