**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Crim. No. 2:25—cr-15-1** |
| **TERESA YOUNGBLUT,** | ) | |
| **Defendant.** | ) | |

**[PROPOSED] ORDER**

Upon consideration of the Defendant's Motion for Preservation of Law Enforcement Communications, Recordings, Photographs, and Other Information (ECF No. __), the government's response, and the Defendant's reply, the Court hereby GRANTS the Motion.

The government is ORDERED to obtain, extract, and preserve full forensic copies of all cell phones or other devices—work, personal, or otherwise—used by officers or agents involved in the surveillance, stop, and arrest in this case. This order extends to any involved agents or officers employed by the Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), U.S. Customs and Border Protection (including the U.S. Border Patrol) ("CBP"), the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Tobacco and Firearms ("ATF"), the Office of Inspector General ("OIG"), Vermont State Police, Orleans County Sheriff's Department, Newport City Police Department, Lyndonville Police Department, the Constables of Coventry, the Vermont Attorney General's Office, the Department of State's Attorneys and Sheriffs and the Orleans' States' Attorney and any other agency or office involved in the surveillance, stop, and arrest of Defendant (collectively, the "Involved Parties"). The information the government must preserve includes, but is not limited to, communications (via text message or other application), recordings, photographs,

1

internet searches, and videos that in any way relate to the surveillance, stop, and arrest in this case.

The government is further ORDERED to provide a full and detailed accounting of all steps it has taken since January 20, 2025, to identify and preserve the information described above. This accounting should include the dates and contents of any directives, either written or oral, sent to law enforcement agents; the specific agents and officers to whom those directives were sent; the means by which the directives were communicated; and the date and content of any responses the government received.


_____, 2025


                                    _____
                                    Hon. Christina Reiss
                                    Chief United States District Judge

2