**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | Case No. 2:25-cr-00015-1 |
| | ) | |
| **TERESA YOUNGBLUT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR DESIGNATION OF MATTER AS A COMPLEX CASE**

The United States of America respectfully moves the Court to find this matter to be a complex case within the meaning of Title 18, United States Code, Section 3161(h)(7)(B)(ii).

In support of its request, the United States sets forth the following:

The Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.*, requires that federal criminal defendants pleading not guilty be tried within seventy (70) days of their indictment or their first appearance before a judicial officer, whichever occurs last. 18 U.S.C. § 3161(c)(1); *United States v. Pikus,* 39 F.4th 39, 52 (2d Cir. 2022). If the Defendant is not brought to trial within this period, then the indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The Act, however, excludes from the calculation of this 70-day period certain specified delays, including:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay . . . shall be excludable . . . unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by granting

> of such continuance outweigh the best interests of the public and the defendant in speedy trial.

18 U.S.C. § 3161(h)(8)(A).

A court granting an "ends of justice" continuance must set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice are served and they outweigh other interests. *Pikus*, 39 F.4th at 52. The factors under the Act applicable to this case include:

> (i) Whether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice; (18 U.S.C. § 3161(8)(B)(i));
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by the Speedy Trial Act]; and
>
> (iii) Whether the failure to grant such a continuance which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would ... deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(8)(B)(i), (ii) & (iv).

In this case, the United States seeks a designation of the case as "unusual and complex." There is a substantial body of discovery in this case, including, but not limited to, reports of investigation, surveillance videos, photographs, etc. Thus, under Second Circuit precedent, it is within the Court's discretion to designate this case as a complex case, and, in turn, the ends of justice would require a tolling of the Speedy Trial Act.

In addition to the complex discovery, this case also is complex due to the nature of the prosecution and the existence of novel questions of law. The United States has filed notice that, in the event of a conviction, it will seek a sentence of death. ECF 97. As a capital case, the case will involve, among other things, litigation of unique issues pertaining to the constitutionality of capital

punishment and the Federal Death Penalty Act, the government's evidence to support capital punishment, and the selection of a death-qualified jury. Indeed, if the defendant is found guilty of the capital charge, a separate sentencing hearing must take place to determine if a sentence of death is justified. 18 U.S.C. § 3593. Additionally, defense counsels have a constitutional duty to conduct an adequate mitigation investigation. *See United States v. Bodkins*, 2004 WL 2491615, 2 (W.D. Va. Nov. 5, 2004) ("Any potential capital case is, by definition, complex.").

The United States conferred with counsel for the defendant, who advise they do not object to the requested designation. Thus, the United States respectfully submit that a tolling of the Speedy Trial Act is appropriate in this case, based on the foregoing factors and that good cause exists to grant this Motion in all respects and order the relief requested.

WHEREFORE, the United States of America respectfully requests that this Court designate this matter a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii).

Respectfully submitted,

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

By: ______________________________
Dennis Robinson
Maryland Bar No. 1406170247
Trial Attorney
Violent Crime & Racketeering Section
United States Department of Justice
1301 New York Ave, NW, Suite 700
Washington, DC 20530
(202) 262-7597