U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 OCT 20 P 3:39

CLERK
BY UAW
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:25-cr-00015-1 |
| TERESA YOUNGBLUT, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ORDER GOVERNING PROTOCOL FOR PRETRIAL DETENTION RECORDS**

This matter comes before the court following hearings on June 24, 2025, and September 5, 2025, wherein the court addressed Defendant's pretrial detention records sought by the government in this case. (Docs. 104, 106.) At its September 28, 2026, status conference, the court discussed with the parties a revised protocol. In essence, Defendant seeks a first review of certain discovery undertaken by the government. The court will allow a first review but only with mechanisms to ensure the government is not deprived of discovery to which it is entitled. This protocol supersedes any prior protocol. Additional protocols may be necessary to address other types of records. The court ORDERS as follows:

**1. Scope.**

a. This Amended Discovery Protocol Order (the "Amended Protocol") governs jail communications of Defendant including recorded telephone calls, emails, correspondence, and text messages ("Pretrial Detention Records") kept by any pretrial detention facility in which Defendant has been detained, or will be detained, since January 20, 2025.

b. The purpose of the Amended Protocol is to create a mechanism to screen Pretrial Detention Records for material that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

c. The government does not anticipate requesting Defendant's medical records, including requests for treatment, from any facility (including hospitals and medical facilities), and it will exclude those records in its requests for Pretrial Detention Records.

**2. Request, Receipt, and Organization of Pretrial Detention Records.**

a. Either party may request and receive Pretrial Detention Records in accordance with any means of legal process available to the parties. This Amended Protocol governs only requests by the government for Defendant's Pretrial Detention Records.

b. If the government requests Pretrial Detention Records, it shall specify that its request specifically excludes: (1) communications over designated attorney lines; (2) any communications to phone numbers and email addresses that have been identified to the facility as members of the defense legal team; (3) any correspondence or paperwork marked designated as legal correspondence or legal materials; and (4) any medical or treatment records or request for medical treatment.

c. The detention facility, upon receiving a request for Pretrial Detention Records from the government, shall send a message confirming receipt of the request for the materials to the government. The detention facility shall then transmit any responsive materials directly to the court by way of an electronic mechanism or digital storage medium to VTD_Review@vtd.uscourts.gov (the "Drop Box"). The detention facility shall include as part of this transmission correspondence describing how and when the materials were requested, describing how and when they were collected or received, and an affirmation stating that the materials have not been provided to the government. The detention facility shall then send a message to the government confirming transmission of materials to the Drop Box.

d. Upon receipt of Pretrial Detention Records in the Drop Box, the court will inventory the communications without listening to or reading them within ten (10) business days of their receipt. It will then send the parties a Notice of Inventory.

3. **Defense Review Procedures.**

a. Within five (5) business days of the court's Notice of Inventory, defense counsel shall review the communications in the Drop Box and designate those communications they contend are subject to the attorney-client privilege or the attorney work product doctrine. Contemporaneously, they shall provide a privilege log identifying those calls (the "Privilege Log"). The Privilege Log shall identify the date of the call, the parties thereto, the privilege or protection claimed, and a brief factual basis for that claim (e.g., "telephone call with defense attorney"). The court will then review *in camera* the communications defense counsel contend are subject to the attorney-client privilege or the attorney work product doctrine and inform defense counsel of its determination. The unprivileged communications and Privilege Log will then be released to the government.

b. **Government objections**: If the government objects to defense counsel's designation of privileged materials after the court's review, it must send a written objection to the court within seven (7) days of receiving the Defendant's Privilege Log stating the alleged incorrect designation or insufficiency and describing why the materials should be disclosed to the government or described in greater detail. Defense counsel shall provide a written response to the government's objections within seven (7) days, and the final decision shall be made by the court thereafter.

c. **Meet and confer requirement**: Upon receiving objections from either party, the court may direct the parties to meet and confer within ten (10) days about the objections in a good faith attempt to resolve any disagreements. The parties shall file a joint status report within three (3) days of the conference detailing the results of the discussion.

d. **Motion practice**: Following the parties' conference, either party may file further arguments within fourteen (14) days of the joint status report. The moving

party shall include with its filing pertinent portions of the Privilege Log, as well as a memorandum containing any factual or legal arguments. The court will, in its discretion, either order responsive filings and set a hearing on the contested matters or rule on the contested matters without briefing. If the court orders responsive filings, the responding party shall file a response within ten (10) days, and the moving party may file a reply within five (5) days of the response.

4. **Non-Party Privilege Holder Procedures.**

a. If defense counsel determines in its review of the Pretrial Detention Records pursuant to this Amended Protocol that a non-party to this case is an ostensible holder of potential privilege(s) or protection(s), it will designate this communication in its Privilege Log as part of their review.

b. Non-Party Objections: An ostensible holder of any potential privilege(s) and/or protection(s) notified by the court may assert a claim over Pretrial Detention Records by providing a written objection to the court within thirty (30) days of receiving notice detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s).

c. Non-Party Waiver: If the non-party fails to object within thirty (30) days, the court may find that the non-party has waived any privilege(s) and/or protection(s) over the Pretrial Detention Records.

d. Non-Party Motion Practice: The procedures set forth in paragraph 3(a) shall apply to non-party objections, with the non-party having the same rights and obligations as a party in such proceedings.

5. **Post-Disclosure Provisions.**

a. An ostensible holder of any potential privilege(s) and/or protection(s) may assert a claim over material previously produced as non-privileged materials to the government or Defendant by providing a written objection to the court and the recipient party detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). Upon receipt of such objection, the recipient party must promptly return, sequester, or destroy the identified material

(and any copies); must not use or disclose the material until the objection is resolved; and must take reasonable steps to retrieve the material if disclosed before receiving the objection.

b. If any member of the prosecution team inadvertently reviews any investigative material that appears to constitute privileged or protected material, that member shall immediately cease review of the material and inform counsel for the government. Counsel for the government shall notify Defendant and the court and turn the materials over to the court for processing in accordance with this Amended Protocol. Inadvertent review of privileged or protected material shall not automatically disqualify a prosecution team member from this matter.

6. **General Provisions.**

a. The court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over Pretrial Detention Records and any other discovery material received and/or produced by either party pursuant to the Amended Protocol, including if, and under what circumstances, a party may use the Pretrial Detention Records at trial.

b. Pursuant to Federal Rule of Evidence 502(d), any Pretrial Detention Records produced to either party under this Amended Protocol or subsequent order in this proceeding shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

c. All parties have the right to present to the court any Pretrial Detention Records to adjudicate whether the material is privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Under Federal Rule of Evidence 502(d), a production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

d. The parties may extend the deadlines of this Amended Protocol by written stipulation or by motion requesting an extension from the court upon good cause shown.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of October, 2026.

Christina Reiss, Chief Judge
United States District Court